UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————————— )
                                                                      )
APPLICATION OF USA PURSUANT                )          ML No:  24-1540
TO 18 U.S.C. § 3512 FOR ORDER FOR            )
COMMISSIONER'S APPOINTMENT FOR           )
MONEY LAUNDERING INVESTIGATION           )
———————————————————————————— )

*Reference:      DOJ Ref. # CRM-182-94586*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney Dennis E. Robinson, Trial Attorney, Office of International

Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from the Swiss Conference

(Switzerland).  In support of this application, the United States asserts:

RELEVANT FACTS

1.       The Central Authority of Switzerland, the Division of Police of the Federal

Department of Justice and Police, submitted a request for assistance (the Request) to the United

States, pursuant to the Treaty Between the United States of America and the Swiss

Confederation on Mutual Assistance in Criminal Matters, U.S.-Switz., May 25, 1973, 27 U.S.T.

(2019) (the Treaty).

*2.*        As stated in the Request, the Public Prosecutor's Office for the Canton of Zurich

in Switzerland is investigating Maria Magali Ribeiro Martingnoni (Martingnoni) for money

laundering, which occurred on or about September 15, 2023, in violation of the criminal law of

Switzerland, specifically Article 305 of the Swiss Criminal Code.  Under the Treaty, the United

States is obligated to assist in response to the Request.

3.        According to Swiss authorities, on or about September 15, 2023, a Swiss bank

reported its concerns to Swiss authorities that Martingnoni may be involved in money

laundering. A subsequent investigation by Swiss authorities revealed that, or about September

15, 2023, Trading Core Investment LLC, a U.S.-based company, transferred USD 349,950.00

from an East West Bank account located in the United States, to a Swiss bank account held in

Martingnoni's name. Martignoni then transferred CHF 250,000.00 (approximately USD

281,016.00) to a second Swiss bank account in her name. Martignoni then transferred CHF

49,555.00 (approximately USD 55,702.99) to an unidentified person through a money transfer

service. Martingnoni also sent various payments to third parties in Andorra, Italy, and Saudi

Arabia.

4.        The Swiss investigation revealed that Martignoni is a caterer; however, her

reported income is in no way comparable to the money she received and transmitted on or about

September 15, 2023. Additionally, when the Swiss bank contacted Martingnoni to discuss the

transfers, Martingnoni claimed she was in Brazil undergoing treatment for cancer; however,

banking activity on her Swiss bank account reflected payments at a casino in Andorra. Moreover,

Martingnoni told the bank that she had contracts with Trading Core Investment LLC and VL

Gold Lux LLC, dated September 8, 2023, both for cryptocurrency investments. However,

Case 1:24-ml-01540-RBC   Document 1   Filed 07/22/24   Page 3 of 8

Martingnoni's reported income as a caterer does not appear to align with the high amount of money she appeared to be investing through the cryptocurrency contracts.

5.      Swiss authorities also report that the company VL Gold Dubai LLC, one of the companies with which Martingnoni claimed to have a contract, had previously attempted to purchase Remo Club, a football team in Brazil. However, Remo Club's owners did not conclude the deal because VL Gold Dubai LLC allegedly appeared to be involved in "dubious" activity.

6.      To further the investigation, Swiss authorities have asked U.S. authorities to provide bank records for the account held Trading Core Investment LLC at East West Bank, located in the United States.

## LEGAL BACKGROUND

7.      A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts.  See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it."  United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

8.      The Treaty between the United States and Switzerland obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures. Article 1.  In addition, the Treaty, like 18 U.S.C. §

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

3

3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Article 19(3) ("the courts . . . shall have . . . authority to issue such orders . . . as are necessary to execute the request.").

9.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

*                    *                    *

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

*                    *                    *

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

10.     Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat.

2086.[2]  This section provides clear authority for the federal courts, upon application duly

authorized by an appropriate official of the Department of Justice, to issue orders that are

necessary to execute a foreign request.

11.      An application is duly authorized by an appropriate official of the Department of

Justice when the Office of International Affairs[3] has reviewed and authorized the request, and

executes the request itself or delegates execution to another attorney for the government.[4]  Upon

such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders

as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R.

Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers

or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the

taking of testimony or statements and/or the production of documents or other things.  See 18

U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

5

facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

12.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).

REQUEST FOR ORDER

13.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Federal Department of Justice and Police in Bern, the designated Central Authority in Switzerland, and seeks assistance in the investigation of money laundering– a criminal offense in Switzerland. The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

14.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

6

15.     When executing a foreign request for assistance in a criminal matter, both Section

3512 and the Treaty authorize the use of compulsory process comparable to that used in

domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S.

criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to

any person other than the recipient (i.e., no notice to targets or defendants), orders and

commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and

the applicable treaty likewise should require no notice other than to the recipients.  Accordingly,

this Court should authorize a commissioner to collect the evidence requested without notice to

any person(s) or entity(ies) other than the recipient(s) of any given commissioner subpoena.

16.     Therefore, the United States respectfully requests that this Court issue the

attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Dennis E.

Robinson, Trial Attorney, Office of International Affairs (or a substitute or successor

subsequently designated by the Office of International Affairs) as a commissioner, authorizing

the undersigned to take the actions necessary, including the issuance of commissioner's

subpoenas, as needed, to collect the evidence necessary to execute any pending request for

assistance and any subsequent, supplemental requests in connection with the same matter, to do

so in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Dennis E. Robinson
Trial Attorney
MD Bar Number 1406170247
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 262-7597
Dennis.Robinson@usdoj.gov